# Order

**Michigan Supreme Court**
**Lansing, Michigan**

April 29, 2011

Robert P. Young, Jr.,
Chief Justice

142162

Michael F. Cavanagh
Marilyn Kelly
Stephen J. Markman
Diane M. Hathaway
Mary Beth Kelly
Brian K. Zahra,
Justices

SHIRLEY D. VINSON,
          Plaintiff-Appellant,

v

ABN AMRO MORTGAGE GROUP, INC.,
          Defendant-Appellee.

SC: 142162
COA: 292579
Oakland CC: 2008-0088623-CZ

_____/

On order of the Court, the application for leave to appeal the October 14, 2010 judgment of the Court of Appeals is considered and, pursuant to MCR 7.302(H)(1), in lieu of granting leave to appeal, we REVERSE the judgment of the Court of Appeals. Record evidence that the defendant resolved to eliminate manual dialing, which only the plaintiff utilized because her disability required her to work from her home, and that the defendant terminated the plaintiff with the stated intent to replace her with an able-bodied individual who could work in the defendant's office, established a rebuttable prima facie case of discrimination under the Persons with Disability Civil Rights Act, MCL 37.1101 *et seq.* The circuit court erred in ruling that the plaintiff did not create a prima facie case because she admitted that she had no evidence that the defendant took any adverse action against her because of her disability. Rather, the plaintiff's deposition testimony in that regard was ambiguous. Further, the subject of reasonable accommodation was not addressed in her deposition. The circuit court also erred in ruling that the plaintiff did not plead her failure of reasonable accommodation claim. See Complaint, ¶ 20.

The circuit court's alternative basis for granting summary disposition to the defendant – that the plaintiff did not bear her burden to establish that the defendant's purported non-discriminatory basis to terminate her was a mere pretext – was also erroneous. The defendant claimed that it terminated the plaintiff because its auto-dialing system could only be operated from its office, and the plaintiff could not utilize the auto-dialing system because she could only work from her home. However, the defendant provided no evidentiary support for its claim that the auto-dialing system could not be operated from the plaintiff's home. Therefore, the plaintiff was not obligated to establish that the defendant's purported non-discriminatory basis for its termination of the plaintiff was a mere pretext for its discriminatory action. *Sniecinski v Blue Cross & Blue Shield of Michigan*, 469 Mich 124, 134 (2003). We REMAND this case to the Oakland Circuit Court for further proceedings not inconsistent with this order.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

April 29, 2011

Clerk

p0426